Frederick J. Klorczyk III (SBN 320783)
**KAMBERLAW, LLC**
305 Broadway, Suite 713
New York, NY 10007
Phone: 646.964.9604
Fax: 212.202.6364
Email: fklorczyk@kamberlaw.com

*Attorneys for Plaintiff*
*and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRYAN BIBEY, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIFESTYLE EVOLUTION, INC. d/b/a NUGO NUTRITION,<br><br>Defendant. | **CASE NO.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bryan Bibey ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant Lifestyle Evolution, Inc. d/b/a NuGo Nutrition ("Defendant" or "NuGo"). Plaintiff's allegations as to Plaintiff's own actions are based on personal knowledge. The other allegations are based on counsel's investigation, and information and belief.

## NATURE OF THE ACTION

1. This putative class action seeks to hold Defendant Lifestyle Evolution, Inc. d/b/a NuGo Nutrition responsible for representations made on the labels of its NuGo Slim protein bars (collectively, the "Products").[1]

2. Defendant prominently represents on the front label of each of the Products that the Products contain "3g Sugar" (the "Representation" or the "sugar content Representation").

[1] Specifically, the Products include NuGo Slim protein bars in the following flavors: Crunchy Peanut Butter, Chocolate Mint, Brownie Crunch, Raspberry Truffle, Toasted Coconut, and Espresso.

3. Despite this prominent Representation, the Products contain the ingredient vegetable glycerin, which is a sugar alcohol.

4. When products make a voluntary label claim regarding sugar content when sugar alcohols are present, FDA regulations require that the sugar alcohol content be declared. *See* 21 C.F.R. § 101.9(c)(6)(iv).

5. Since Defendant fails to declare the Products' vegetable glycerin content as required by FDA regulations, the Products are misbranded and the sugar content Representation is false and misleading.

6. Consumers increasingly are becoming aware of the benefits of living a healthy lifestyle, including the well-documented health consequences of excessive added-sugar consumption. As a result, consumers increasingly scrutinize food and supplement labels for sugar content and seek out products that purport to reduce or eliminate added sugars.

7. While many consumers wish to reduce sugar intake, they do not wish to do so by increasing their consumption of unfamiliar substances not clearly identified on the label as sweeteners. Moreover, a product claim like "3g Sugar" misleadingly implies that the Products are healthier than traditional versions of the foods because they are sweetened with only "3g" of sugar.

8. Reasonable consumers of Defendant's Products, like Plaintiff, are misled and deceived by Defendant's label Representation into believing that the Products are sweetened with only the amount of sugar disclosed on the front label and are free of undisclosed sugar alcohols, such as vegetable glycerin, that function as sweeteners.

9. Plaintiff and reasonable consumers suffered economic injury based on the purchase price of the Products.

10. If Plaintiff had known the truth about Defendant's false and misleading Representation, he would not have purchased the Products or would have paid less for them.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Defendant; and (3) the claims of the

proposed class members exceed $5,000,000 in the aggregate.

12. This Court has personal jurisdiction over Defendant because a substantial portion of the events that gave rise to Plaintiff's claims occurred in California. This Court also has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of California, contracts to supply goods within the State of California, and supplies goods within the State of California.

13. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial portion of the events that gave rise to Plaintiff's claims occurred in this District. *See also* Declaration of Bryan Bibey Regarding Venue Pursuant to Cal. Civ. Code § 1780(d), attached as Ex. A.

14. ***Divisional Assignment*****:** Pursuant to Civil L.R. 3-2(c) and 3-5(b), assignment to the San Francisco Division is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the City and County of San Francisco, where Plaintiff resides and purchased the Products.

## PARTIES

15. Plaintiff Bryan Bibey is a citizen of California who resides in San Francisco, California and who purchased the Products in this judicial district during the class period, as described herein. Within the class period, Plaintiff Bibey purchased NuGo Slim protein bars in the Crunchy Peanut Butter and Raspberry Truffle flavors for his personal use from Target stores located in San Francisco, California, in 2025, paying approximately $27.99. Prior to his purchase of the Products, Plaintiff Bibey reviewed the Products' labeling and packaging and saw that the Products purportedly contained "3g Sugar." Plaintiff Bibey relied on that representation to choose the Products over comparable products. Plaintiff Bibey saw this representation prior to, and at the time of purchase, and understood it as a representation and warranty that the Products were sweetened with only the amount of sugar disclosed on the front label and were free of undisclosed sugar alcohols functioning as sweeteners. Accordingly, this representation and warranty was part of the basis of the bargain, in that he would not have purchased the Products on the same terms had he known this representation was not true. However, Plaintiff Bibey remains interested in purchasing the Products and would consider the Products in the

future if Defendant ensured the Products were sweetened with only the amount of sugar disclosed on the front label and were free of undisclosed sugar alcohols functioning as sweeteners. In making his purchase, Plaintiff Bibey paid a substantial price premium due to the false and misleading sugar content Representation. However, Plaintiff Bibey did not receive the benefit of his bargain because the Products, in fact, were not sweetened with only the amount of sugar disclosed on the front label and instead contained undisclosed sugar alcohols functioning as sweeteners. Plaintiff Bibey further understood that the purchase came with Defendant's representation and warranty that the Products were sweetened with only the amount of sugar disclosed on the front label and were free of undisclosed sugar alcohols such as vegetable glycerin.

16. Defendant Lifestyle Evolution, Inc. d/b/a NuGo Nutrition is a Pennsylvania corporation with its principal place of business at 520 Second Street, Oakmont, Pennsylvania 15139, and is a citizen of Pennsylvania. Defendant does business under the registered fictitious name "NuGo Nutrition." Defendant manufactures, sells, and/or distributes NuGo Slim protein bars, and is responsible for the advertising, marketing, trade dress, and packaging of the Products. Defendant manufactured, marketed, and/or sold the Products during the class period. The planning and execution of the advertising, marketing, labeling, packaging, testing, and/or corporate operations concerning the Products and the sugar content Representation was primarily carried out at Defendant's headquarters and facilities in Pennsylvania. The policies, practices, acts and omissions giving rise to this action were developed in, and emanated from, Defendant's headquarters in Oakmont, Pennsylvania.

## FACTUAL BACKGROUND

### A. All Of The Products Make A Prominent Front-Label Sugar Content Representation

17. Each of the Products at issue prominently states on its front label that it contains "3g Sugar."

18. NuGo Slim protein bars are sold in multiple flavors, each of which contains the prominent front-panel representation "3g Sugar." For each flavor, although vegetable glycerin is listed as an ingredient on the back of the package, vegetable glycerin – and the amount thereof – is not declared in the Nutrition Facts panel, as illustrated below:

19. The front label of the NuGo Slim Crunchy Peanut Butter flavor prominently displays

"3g Sugar." Although vegetable glycerin is the fourth ingredient listed on the back of the package, vegetable glycerin – and the amount thereof – is not declared in the Nutrition Facts panel:




*NuGo Slim Crunchy Peanut Butter – front label, Nutrition Facts panel, and ingredient list*

20. The front label of the NuGo Slim Chocolate Mint flavor prominently displays "3g Sugar." Although vegetable glycerin is the fourth ingredient listed on the back of the package, vegetable glycerin – and the amount thereof – is not declared in the Nutrition Facts panel:




*NuGo Slim Chocolate Mint – front label, Nutrition Facts panel, and ingredient list*

21. The front label of the NuGo Slim Brownie Crunch flavor prominently displays "3g Sugar." Although vegetable glycerin is the fourth ingredient listed on the back of the package, vegetable glycerin – and the amount thereof – is not declared in the Nutrition Facts panel:




*NuGo Slim Brownie Crunch – front label, Nutrition Facts panel, and ingredient list*

22. The front label of the NuGo Slim Raspberry Truffle flavor prominently displays "3g Sugar." Although vegetable glycerin is the fourth ingredient listed on the back of the package, vegetable glycerin – and the amount thereof – is not declared in the Nutrition Facts panel:




*NuGo Slim Raspberry Truffle – front label, Nutrition Facts panel, and ingredient list*

23. The front label of the NuGo Slim Toasted Coconut flavor prominently displays "3g Sugar." Although vegetable glycerin is the fourth ingredient listed on the back of the package, vegetable glycerin – and the amount thereof – is not declared in the Nutrition Facts panel:




*NuGo Slim Toasted Coconut – front label, Nutrition Facts panel, and ingredient list*

24. The front label of the NuGo Slim Espresso flavor prominently displays "3g Sugar." Although vegetable glycerin is the fourth ingredient listed on the back of the package, vegetable glycerin – and the amount thereof – is not declared in the Nutrition Facts panel:




*NuGo Slim Espresso – front label, Nutrition Facts panel, and ingredient list*

25. The sugar content Representation leads consumers to reasonably believe that the Products are free of undisclosed sugar alcohols and other alternative sweeteners.

26. The "3g Sugar" Representation is unambiguous on its face. A reasonable consumer reading the front label of the Products would understand this representation to mean that the Products were sweetened with only the amount of sugar disclosed on the front label and are otherwise free of undisclosed sugar alcohols, like vegetable glycerin, that function as sweeteners. Reasonable consumers have no reason to inspect and research the ingredient list to verify, qualify, or correct what appears to be a clear, affirmative representation on the front of the package. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008) (reasonable consumers are not "expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list").

27. Even assuming the sugar content Representation were considered ambiguous, the back label of the Products does not cure the deception. Vegetable glycerin appears only generically among

the ingredients; its presence as a sweetener and the quantity thereof are not disclosed in the Nutrition Facts panel. That omission is not merely a drafting oversight – it is a violation of the federal regulations governing precisely this type of claim. *See* 21 C.F.R. § 101.9(c)(6)(iv). A reasonable consumer who turns to the back of the package to verify the sugar content Representation therefore finds no information that would contradict, qualify, or correct the front-label representation.

28. Because Defendant has not made the disclosures required by 21 C.F.R. § 101.9(c)(6)(iv), the sugar content Representation is presumptively false or misleading in any particular under California's Sherman Food, Drug, and Cosmetic Law (the "Sherman Law"). *See* Cal. Health & Saf. Code §§ 110660, 110670.

29. In the alternative, and independent of the reasonable-consumer analysis above, Defendant's failure to declare the Products' sugar-alcohol content as required by 21 C.F.R. § 101.9(c)(6)(iv) – a federal labeling requirement adopted into California law by Cal. Health & Saf. Code § 110100 – is a standalone violation of the Sherman Law. That standalone violation renders the Products misbranded, *see* Cal. Health & Saf. Code §§ 110660, 110670, and not Legally Saleable, *see id.* §§ 110760, 110770, and is itself a predicate "unlawful" act under California Business & Professions Code § 17200.

**B. <u>Defendant Is Not Permitted To Make Its Sugar Content Representation In The Absence Of A Back Label Disclosure</u>**

30. According to the FDA, "sugar alcohol content shall be declared" "when a claim is made on the label or in labeling about … total sugars":

> "Sugar alcohol" (VOLUNTARY): A statement of the number of grams of sugar alcohols in a serving may be declared voluntarily on the label, <u>except that when a claim is made on the label or in labeling about</u> sugar alcohol or <u>total sugars</u>, or added sugars when sugar alcohols are present in the food, <u>sugar alcohol content shall be declared</u>. … In lieu of the term "sugar alcohol," the name of the specific sugar alcohol (e.g., "xylitol") present in the food may be used in the nutrition label provided that only one sugar alcohol is present in the food. <u>Sugar alcohol content shall be indented and expressed to the nearest gram</u>, except that if a serving contains less than 1 gram, the statement "Contains less than 1 gram" or "less than 1 gram" may be used as an alternative, and if the

> serving contains less than 0.5 gram, the content may be expressed as zero.

21 C.F.R. § 101.9(c)(6)(iv) (emphasis added).

31. As shown above, despite the use of vegetable glycerin as an ingredient, none of the Products' labels declare the Products' sugar alcohol content as required by 21 C.F.R. § 101.9(c)(6)(iv).

32. The disclosure requirement of 21 C.F.R. § 101.9(c)(6)(iv) does not stand alone, but is reinforced by 21 C.F.R. § 101.13(i)(3), which prohibits any statement about the amount of a nutrient that is "false or misleading in any respect." Defendant's sugar content Representation is a nutrient content claim subject to § 101.13. Defendant's failure to disclose the presence and quantity of sugar alcohols in the Products renders the claim misleading within the meaning of the regulation.

33. The statutory authority for these regulations is the Nutrition Labeling and Education Act ("NLEA"), 21 U.S.C. § 343(r), which renders a food misbranded if its labeling bears a nutrient content claim that does not comply with the FDA's implementing regulations. Defendant's sugar content Representation on the Products is a nutrient content claim within the meaning of 21 U.S.C. § 343(r)(1)(A). Because the Representation fails to comply with 21 C.F.R. §§ 101.9(c)(6)(iv) and 101.13(i)(3), the Products are misbranded under federal law. *See also* Cal. Health & Saf. Code §§ 110670, 110760.

34. Identical federal and California laws regulate food labeling and state that a food is misbranded if "its labeling is false or misleading in any particular or (2) in the case of a food to which section 350 of this title applies, its advertising is false or misleading in a material respect or its labeling is in violation of section 350(b)(2) of this title." *See* 21 U.S.C. § 343(a); Cal. Health & Saf. Code § 110660 (deeming food misbranded if its labeling is false or misleading in any particular); *see also* Cal. Health & Saf. Code § 110100 (adopting all federal food labeling regulations as state law), § 110670 (deeming food misbranded if its labeling does not conform with the federal requirements for nutrient content claims).

35. The mere appearance of "vegetable glycerin" in the back-of-package ingredient list does not remedy the misleading front-label sugar content Representation. Settled Ninth Circuit law holds that an ingredient list cannot be used to correct or cure a misleading front-label claim. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008) ("[R]easonable consumers should [not] be

expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box."). Nor would a consumer who saw "vegetable glycerin" in the ingredients list necessarily recognize it as a sweetener. The federal regulations governing sugar content claims address this very problem by requiring that sugar-alcohol content be declared in the Nutrition Facts panel – not buried in the ingredient list – whenever a sugars claim is made and sugar alcohols are present. *See* 21 C.F.R. § 101.9(c)(6)(iv).

36. Plaintiff brings claims under California state laws – the Unfair Competition Law, False Advertising Law, Consumers Legal Remedies Act, and common-law theories. Each of these statutes independently prohibits false or misleading commercial representations and provides Plaintiff with a private right of action. The federal regulations cited herein are referenced because they have been expressly adopted as California state law under Cal. Health & Saf. Code § 110100, and because they establish the labeling standards that Defendant's sugar content Representation fails to meet.

## CLASS ACTION ALLEGATIONS

37. ***Class Definition*****:** Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself, on behalf of all others similarly situated, and as a member of the Classes defined as follows:

> All citizens of the United States who, within the relevant statute of limitation periods, purchased one or more of Defendant's Products (the "Nationwide Class"); and
>
> All citizens of California who, within four years prior to the filing of the initial Complaint, purchased Defendant's Products (the "California Subclass") (together with the Nationwide Class, the "Classes").

38. Excluded from the Class and Subclass are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has a controlling interest; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) all persons presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (v) any judicial officer presiding over this matter and their staff, and persons within the third degree of consanguinity to such

judicial officer.

39. Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

40. This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

41. ***Numerosity*****:** Members of the Classes are so numerous that joinder of all members is impracticable. Upon information and belief, the Classes consist of hundreds of thousands of purchasers throughout the United States, as well as in the State of California. Accordingly, it would be impracticable to join all members of the Classes before the Court.

42. ***Commonality and Predominance*****:** There are numerous and substantial questions of law or fact common to all members of the Classes that predominate over any individual issues. Included within the common questions of law or fact are:

A. Whether the sugar content Representation is false, misleading and/or deceptive to a reasonable consumer;

B. Whether Defendant engaged in unlawful, unfair or deceptive business practices by advertising, labeling and selling the Products;

C. Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*; Cal. Bus. & Prof. Code § 17500, *et seq.*; and/or the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*;

D. Whether Defendant committed a breach of express warranty;

E. Whether Plaintiff and the Classes have sustained damage as a result of Defendant's unlawful conduct;

F. The proper measure of damages sustained by Plaintiff and the Classes; and

G. Whether Defendant was unjustly enriched by its unlawful practices.

43. ***Typicality*****:** Plaintiff's claims are typical of the claims of the members of the Classes he seeks to represent because Plaintiff, like the members of the Classes, purchased Defendant's misbranded Products. Defendant's unlawful, unfair and/or fraudulent actions concern the same

business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Classes sustained similar injuries arising out of Defendant's conduct. Plaintiff's and Class members' claims arise from the same practices and course of conduct and are based on the same legal theories.

44. ***Adequacy***: Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that are antagonistic to those of the Classes. Plaintiff has no past or present financial, employment, familial, or other relationship with any of the attorneys in this case that would create a conflict of interest with the proposed class members.

45. ***Superiority***: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for members of the Classes; the Classes are readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

46. Without a class action, Defendant will continue a course of action that will result in further damages to Plaintiff and members of the Classes and will likely retain the benefits of its wrongdoing.

## CAUSES OF ACTION

### COUNT I
**Violations of California's Unfair Competition Law ("UCL")**
**(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**
**(On behalf of Plaintiff and the California Subclass)**

47. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

48. Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

49. Defendant's conduct constitutes an unfair business act and practice pursuant to

California Business & Professions Code §§ 17200, *et seq.* (the "UCL"). The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

50. Plaintiff brings this claim seeking restitution or disgorgement of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices, as described herein; and injunctive relief to stop Defendant's misconduct, as described herein.

51. Defendant's knowing conduct, as alleged herein, constitutes a "fraudulent" and/or "unfair" business practice, as set forth in California Business & Professions Code §§ 17200-17208.

***Defendant's Conduct Constitutes a Fraudulent Business Practice***

52. Defendant's conduct constitutes a fraudulent business practice because, as set forth herein, consumers are likely to be deceived by Defendant's Representation.

53. Defendant was and is aware that its Representation is material to consumers.

54. Defendant was and is aware that its Representation is misleading, as described herein.

55. Defendant had an improper motive – to derive financial gain at the expense of accuracy or truthfulness – in its practices related to the labeling and advertising of the Products.

56. There were reasonable alternatives available to Defendant to further Defendant's legitimate business interests, other than the conduct described herein.

***Defendant's Conduct Constitutes an Unfair Business Practice***

57. Defendant's conduct violates both the "Immoral Test" and the "Balancing Test" under California law, which are used to analyze whether conduct is "unfair."

58. Defendant's conduct violates the Immoral Test because Defendant intentionally makes the Representation to increase sales of the Products.

59. Defendant was and is aware that its Representation is misleading, as described herein.

60. Defendant's conduct is substantially injurious because consumers purchase the misrepresented Products in reliance on Defendant's Representation.

61. Defendant's conduct also violates the "Balancing Test" because the utility of Defendant's conduct in labeling the Products with the Representation is outweighed by the harm to consumers.

62. As set forth herein, the Representation is an optional, voluntary advertising statement.

63. Defendant makes the Representation to increase sales of the Products and to the detriment of consumers, who are misled and deceived.

64. Consumers are directly harmed by Defendant's conduct in that they would not have purchased the Products if they had known the truth.

65. Defendant's conduct is also substantially injurious because it prevents consumers from making informed purchasing decisions.

66. In addition, Defendant's conduct is injurious to competition because Defendant's misrepresentation of its Products prevents consumers from making an informed choice between its Products and other similar products, which are not misrepresented.

67. Defendant had an improper motive – to derive financial gain at the expense of accuracy or truthfulness – in its practices related to the labeling and advertising of the Products.

68. There were reasonable alternatives available to Defendant to further Defendant's legitimate business interests, other than the conduct described herein.

69. Plaintiff and members of the California Subclass could not have reasonably avoided injury. Defendant's uniform Representation regarding the Products was likely to deceive, and Defendant knew or should have known that its Representation was misleading.

70. Plaintiff purchased the Products in reasonable reliance on Defendant's sugar content Representation and understood that Representation to mean that the Products were sweetened with only the disclosed amount of sugar and are free of undisclosed sugar alcohols functioning as sweeteners, as reasonable consumers would understand.

***Defendant's Conduct Constitutes an Unlawful Business Act***

71. Defendant's misrepresentation of material facts, as set forth herein, also constitutes an "unlawful" practice because it violates California Civil Code §§ 1572, 1573, 1709, 1710, 1711, and 1770 and the laws and regulations cited herein, as well as the common law.[2]

[2] The California Civil Code Sections prohibit the following conduct: (i) § 1572: actual fraud, including by suggestion of an untrue fact or suppression of that which is true; (ii) § 1573: constructive fraud, including by breach of duty "by misleading another to his prejudice" and in any act or omission that the law declares to be fraudulent; (iii) §§ 1709-1711: willfully deceiving another or a particular class of persons "with intent to induce him to alter his position to his injury or risk", including by suggestion of a fact that is not true or suppression of a fact by one who is bound to disclose it, or by giving

72. Defendant's conduct in making the Representation described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors.

73. This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

74. In addition, Defendant's Representation constitutes an "unlawful" practice because the Product labels are "false or misleading in any particular" and the Products are therefore misbranded under the law. *See* 21 U.S.C. § 343(a); Cal. Health & Saf. Code § 110660.

75. Because the Products are misbranded, they are not Legally Saleable. *See* Cal. Health & Saf. Code §§ 110760, 110770.

76. Plaintiff and members of the California Subclass could not have reasonably avoided injury. Defendant's uniform, material misrepresentation regarding the Products was likely to deceive, and Defendant knew or should have known that its misrepresentation was untrue and misleading.

77. Plaintiff and members of the California Subclass have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the monies paid to Defendant for the Products, interest lost, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and members of the California Subclass.

78. As a result of the business acts and practices described above, Plaintiff and members of the California Subclass are entitled to such Orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

79. Pursuant to Civil Code § 3287(a), Plaintiff and the California Subclass are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and members of the California Subclass are entitled to interest in an amount

information "of other facts which are likely to mislead for want of communication of that fact"; (iv) § 1770: listing proscribed practices, including unfair methods of competition and unfair or deceptive acts and practices, as described herein.

according to proof.

80. With respect to restitution under the UCL claim, Plaintiff alleges in the alternative that Plaintiff and members of the California Subclass lack an adequate remedy at law for the reasons already alleged above.

**COUNT II**
**Violation of California's False Advertising Law ("FAL")**
**(Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**
**(On behalf of Plaintiff and the California Subclass)**

81. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

82. Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

83. California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue or misleading advertising . . . ."

84. Defendant violated § 17500 when it represented, through its false and misleading Representation, that the Products possess characteristics and value that they do not have.

85. Defendant's deceptive practices were designed to induce reasonable consumers like Plaintiff to purchase the Products.

86. Defendant's uniform, material Representation regarding the Products was likely to deceive, and Defendant knew or should have known that its uniform misrepresentation was untrue and/or misleading.

87. Plaintiff purchased the Products in reliance on the Representation made by Defendant, including that the Product labeling was accurate as alleged herein, and without knowledge of Defendant's misrepresentation.

88. Plaintiff and members of the California Subclass have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the price paid to Defendant for the Products, interest lost, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and members of the California Subclass.

89. The above acts of Defendant were and are likely to deceive reasonable consumers in violation of § 17500.

90. In making the Representation alleged herein, Defendant knew or should have known that the Representation was deceptive and/or misleading, and acted in violation of § 17500.

91. As a direct and proximate result of Defendant's unlawful conduct in violation of § 17500, Plaintiff and members of the California Subclass request an Order requiring Defendant to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, as well as interest and attorneys' fees.

92. With respect to restitution under the FAL claim, Plaintiff alleges in the alternative that Plaintiff and members of the California Subclass lack an adequate remedy at law for the reasons already alleged above.

**COUNT III**
**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**(Cal. Civ. Code §§ 1750, *et seq.*)**
**(On behalf of Plaintiff and the California Subclass)**

93. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

94. Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

95. Plaintiff brings this action pursuant to California's CLRA, Cal. Civ. Code §§ 1750, *et seq.*

96. The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

97. The Products are "goods," as defined by the CLRA in California Civil Code § 1761(a).

98. Defendant is a "person," as defined by the CLRA in California Civil Code § 1761(c).

99. Plaintiff and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code § 1761(d).

100. Purchases of the Products by Plaintiff and members of the California Subclass are

"transactions," as defined by the CLRA in California Civil Code § 1761(e).

101. Defendant violated Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which [they] do not have" by making the Representation, as described herein.

102. Defendant also violated Section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . if they are of another" by making the Representation, as described herein.

103. In addition, Defendant violated Section 1770(a)(9) by advertising the Products "with intent not to sell them as advertised" in that the Products are misrepresented and misbranded as described herein.

104. Defendant's uniform Representation regarding the Products was likely to deceive, and Defendant knew or should have known that its Representation was deceptive and/or misleading.

105. Plaintiff and members of the California Subclass relied on Defendant's unlawful conduct and could not have reasonably avoided injury.

106. Plaintiff and members of the California Subclass were unaware of the existence of facts that Defendant suppressed and failed to disclose, including that the Products contain the sugar alcohol vegetable glycerin and that the sugar content Representation is false, misleading, and noncompliant with applicable labeling requirements.

107. Plaintiff and members of the California Subclass would not have purchased the Products had they known the truth about the Products.

108. Plaintiff and members of the California Subclass have been directly and proximately injured by Defendant's conduct.

109. Such injury includes, but is not limited to, the purchase price of the Products and/or the price of the Products at which they were offered.

110. Moreover, Defendant's conduct is malicious, fraudulent, and/or wanton in that Defendant intentionally misled and withheld material information from consumers, including to increase the sale of the Products.

111. Pursuant to California Civil Code § 1782(a), on July 17, 2026, Plaintiff, on behalf of

himself and members of the Classes, provided notice to Defendant of the alleged violations of the Consumer Legal Remedies Act by notice letter setting forth Plaintiff's claims.

112. As a direct and proximate result of Defendant's unlawful conduct in violation of the CLRA, Plaintiff and members of the California Subclass request an Order pursuant to § 1780 enjoining such future wrongful conduct on the part of Defendant.

113. Plaintiff seeks all relief available under this cause of action. Despite giving Defendant more than 30 days from the date of the notification letter to provide appropriate relief for violations of the CLRA, Defendant has failed to provide any such relief. As such, Plaintiff also seeks compensatory, monetary and punitive damages, and requests that this Court enter such Orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as is provided in California Civil Code § 1780 and in the Prayer for Relief.

114. With respect to restitution under the CLRA claim, Plaintiff alleges in the alternative that Plaintiff and members of the California Subclass lack an adequate remedy at law for the reasons already alleged above.

**COUNT IV**
**Breach of Express Warranty**
**(On behalf of Plaintiff and the Classes)**

115. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

116. By advertising and selling the Products at issue, Defendant made promises and affirmations of fact on the Products' packaging and labeling — specifically, that the Products contain "3g Sugar," as described herein.

117. This labeling and advertising constitutes an express warranty and became part of the basis of the bargain between Plaintiff and members of the Classes, on the one hand, and Defendant, on the other.

118. Defendant, through its advertising and labeling, created an express warranty that the Products comport with the front-of-package sugar content Representation, specifically that the Products are sweetened only with the sugar declared on their front labels.

119. The express warranty appears on all labels of the Products and specifically relates to the goods being sold.

120. Despite Defendant's express warranty about the nature of the Products, the Products do not comport with the Representation. The Products contain vegetable glycerin – a sugar alcohol functioning as a sweetener whose presence and quantity are not disclosed on the Nutrition Facts panel – and therefore are not what Defendant represented them to be.

121. Accordingly, Defendant breached the express warranty about the Products and their qualities because the Products do not conform to Defendant's affirmations and promises.

122. Plaintiff provided Defendant with pre-suit notice of the breach of warranty, including by notice letter dated July 17, 2026.

123. Plaintiff and members of the Classes purchased the Products in reliance on Defendant's express warranty.

124. As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and members of the Classes were harmed based on the loss of the benefit of their bargain between what was represented (Products sweetened with only 3g of sugar) and what was actually delivered. Plaintiff and Class members would not have purchased the Products, or would have paid less for them, had they known the truth.

**COUNT V**
**Unjust Enrichment**
**(On behalf of Plaintiff and the Classes)**

125. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

126. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

127. To the extent required, Plaintiff asserts this cause of action in the alternative to legal claims, as permitted by Federal Rule of Civil Procedure 8.

128. Plaintiff and Class members conferred a benefit on Defendant in the form of the gross revenues Defendant derived from the money Plaintiff and Class members paid for the Products.

129. Defendant knew of the benefit conferred on it by Plaintiff and the Class members.

130. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of the Products, retention of which is unjust and inequitable because Defendant marketed and sold the Products under a sugar content Representation that was false, misleading, and unlawful, as alleged herein, and reasonable consumers were unaware of the true facts.

131. Defendant accepted and retained the benefit in the amount of the gross revenues it derived from sales of the Products.

132. Defendant has profited by retaining the benefit under circumstances which would make it unjust for Defendant to retain the benefit.

133. Plaintiff and Class members are, therefore, entitled to restitution in the form of the revenues derived from Defendant's sale of the Products.

134. As a direct and proximate result of Defendant's actions, Plaintiff and Class members have suffered injury in an amount to be proven at trial.

135. Plaintiff and putative Class members lack an adequate remedy at law with respect to this claim and are entitled to non-restitutionary disgorgement of the financial profits Defendant obtained as a result of its unjust conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendant as follows:

A. For an order certifying the Nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

B. For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

C. For an order awarding, as appropriate, compensatory, statutory, and monetary damages to Plaintiff and the Classes;

D. For an order awarding injunctive relief;

E. For an order awarding attorneys' fees and costs;

F. For an order awarding pre- and post-judgment interest; and

G. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 18, 2026

Respectfully submitted,

By: *<u>/s/ Frederick J. Klorczyk III</u>*

Frederick J. Klorczyk III
**KAMBERLAW, LLC**
305 Broadway, Suite 713
New York, NY 10007
Phone: 646.964.9604
Fax: 212.202.6364
Email: fklorczyk@kamberlaw.com

*Attorneys for Plaintiff and the Putative Class*